IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN OF FLORIDA

Case No.:

NIKE, INC.,

## 08-22786-CIV-KING/BANDSTRA

        Plaintiff,

v.

Adetunji Thomas-Quarcoo
a/k/a Olubunmi Thomas- Quarcoo
d/b/a
www.MyJordansfly.com and
www.Authenticshoescheap.com

        Defendant.

_____/

| FILED by _IG_ D.C. |
| ELECTRONIC |
| **OCT 3, 2008** |
| STEVEN M. LARIMORE |
| CLERK U.S. DIST. CT. |
| S.D. OF FLA. · MIAMI |

## COMPLAINT

Plaintiff, Nike, Inc. ("Nike"), by and through its undersigned attorneys, allege for its Complaint as follows:

### INTRODUCTION

1.    Nike files this action against the Defendant, who has unlawfully engaged in the manufacture, duplication, distribution, sale, and offer for sale of counterfeit shoes bearing exact copies or colorable duplications of Nike's trademarked properties.

2.    For violations of the Federal Statutes alleged in the Complaint, Nike seeks a Preliminary and Permanent Injunction, damages, costs, and attorneys' fees as authorized by the Lanham Act.

JURISDICTION AND VENUE

3.     This Court has jurisdiction over this matter pursuant to the federal trademark laws (the "Lanham Act"), 15 U.S.C. §§ 1051–1141. Further, this Court has jurisdiction over Nike's pendent and common law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper within the Southern District of Florida pursuant to 28 U.S.C. § 1391(b).

THE PARTIES

5.     Plaintiff Nike, Inc. is a corporation duly organized and existing under the laws of the State of Oregon, having its principal place of business in Beaverton, Oregon.

a.  Nike is engaged in the manufacture, design, and sale of footwear, apparel, and related accessories. Among other products, Nike manufactures, sells, and distributes basketball and running shoes. Products manufactured and sold by Nike are sold bearing several marks including the "NIKE" mark, an arbitrary and distinctive emblem which has come to be known as the "Swoosh Design," a composite mark consisting of the word "Nike" and the "Swoosh Design", or an arbitrary and distinctive emblem which has come to be known as "Jumpman". Nike uses these marks on shoes and apparel as trademarks of Nike's high-quality products. Nike also developed and used the "Nike Air" and "Just Do It" marks as trademarks for its shoes and apparel. Nike sells in excess of $13,000,000,000.00 per year in merchandise bearing its distinctive trademarks.

2

b.   All products noted above are sold with the "NIKE", "Swoosh Design", or composite "NIKE" and "Swoosh Design" marks. Nike adopted and used the "NIKE" and "Swoosh Design" marks in 1971. Some, but not all, of Nike's registered marks and registration numbers are noted below:

    i.   Nike registered the "NIKE" mark in block letters on November 2, 1982; Registration No. 1,214,930 in class 25 for footwear.

    ii.   Nike registered the "Swoosh Design" on March 5, 1985; Registration No. 1,323,343 in class 25 for footwear.

    iii.   Nike registered the composite mark of "NIKE" and the "Swoosh Design" on March 19, 1985; Registration No. 1,325,938 in class 25 for footwear.

    iv.   Nike registered the "NIKE AIR" mark on July 3, 1984; Registration No. 1,284,386 in class 25 for footwear.

    v.   Nike registered the "AIR JORDAN" mark on November 12, 1985; Registration No. 1,370,283 for footwear and apparel in class 25.

    vi.   Nike registered the "AIR JORDAN" design on December 22, 1992; Registration No. 1,742,019 for apparel and sports bags in class 18 and apparel and backpacks in class 25.

    vii.   Nike registered the "AIR JORDAN" design on September 26, 1989; Registration No. 1,558,100 for footwear and apparel in class 25.

    viii.   Nike registered the "JUST DO IT" mark on January 24, 1995; Registration No. 1,875,307 for apparel in class 25.

Nike's trademarks will hereinafter be collectively referred to as the "Nike Trademarks". These marks are indexed on Exhibit "A".

6.      Defendant, Adetunji Thomas-Quarcoo a/k/a Olubunmi Thomas-Quarcoo d/b/a www.Myjordansfly.com and www.Authenticshoescheap.com (herein after referred to as "Quarcoo") is an individual doing business in the State of New Jersey at 129 Plumtree Lane, Willingboro, New Jersey 08046 under the names www.Myjordansfly.com and www.Authenticshoescheap.com. Upon information and belief, Quarcoo operates the interactive Web sites at the Uniform Resource Locators      ("URL")      <http://www.Myjordansfly.com>      and <http://www.Authenticshoescheap.com> that sells, offers for sale, and distributes merchandise in the Southern District of Florida.

FACTUAL BACKGROUND

7.      Nike has used the Nike Trademarks continuously from the date claimed on the registrations in connection with the goods and services noted. The Nike Trademarks are in full force and effect, are owned by Nike, and many have become incontestable pursuant to 15 U.S.C. § 1065. Each of the distinctive trademarks signifies to the purchaser that the product originates exclusively with Nike and is manufactured to standards of the highest quality. Whether Nike manufactures the product itself or licenses others to do it, Nike has ensured that products bearing its trademarks are manufactured to the highest standards. As a result, Nike has established further goodwill in the Nike Trademarks, which have become valuable assets of Nike.

8.     Because of Nike's longstanding use and large advertising expenditures in support of its marks, the Nike Trademarks have become famous marks as defined by 15 U.S.C. § 1125(c)(1).

9.     The enormous popularity of Nike's products is not without costs as evidenced by the increasing number of counterfeiters in the United States and worldwide.

10.    Quarcoo is manufacturing, distributing, offering for sale, and/or selling counterfeit shoes bearing exact copies or colorable imitations of the Nike Trademarks. See Exhibit "B" and Exhibit "B-1". Nike has never authorized Quarcoo to reproduce, manufacture, import, copy, or sell shoes or any product bearing the Nike Trademarks. The counterfeit shoes sold or offered for sale by Quarcoo are referred to in this complaint as the "Counterfeit Product".

11.    Quarcoo has distributed, offered for sale, or sold the Counterfeit Product through his interactive Web sites located at the URLs <http://www.Myjordansfly.com> and <http://Authenticshoescheap.com>. Moreover, Quarcoo has solicited and shipped Counterfeit Product into the Southern District of Florida.

COUNT I
Trademark Infringement and Counterfeiting

12.    Nike incorporates by reference paragraphs 1 through 11 and brings the following claims for trademark infringement pursuant to 15 U.S.C. § 1114 against Quarcoo.

13.     Nike owns the exclusive trademark rights to those trademarks indexed on Exhibit "A". All of the trademark registrations are in full force and effect and are owned by Nike. In many cases the trademarks have become incontestable pursuant to 15 U.S.C. § 1065.

14.     Nike, or those under its authority, manufacture and distribute all of its products and advertising in conformity with the provisions of the Lanham Act.

15.     Notwithstanding Nike's well-known and prior common law and statutory rights in its trademarks, Quarcoo has adopted and used the Nike Trademarks in the State of Florida and interstate commerce. Quarcoo committed these acts with actual notice of Nike's federal registration rights, long after Nike established its rights in the trademarks.

16.     Quarcoo committed his acts of infringement within the jurisdiction of this Court. Quarcoo sold or offered for sale Counterfeit Product in the Southern District of Florida and interstate commerce, thus creating the likelihood of confusion, deception, and mistake.

17.     Quarcoo acted with actual and constructive knowledge of Nike's distinctive trademarks and has contributed to the infringing, copying, duplication, sale, and offer for sale of Counterfeit Products bearing Nike's distinctive trademarks.

18.     Quarcoo's acts of infringement will cause irreparable injury to Nike if Quarcoo is not restrained by the Court from further violation of Nike's rights as Nike has no adequate remedy at law.

6

19.     Nike has suffered damages as a result of Quarcoo's acts.

20.     Quarcoo's commercial use of the Nike Trademarks in conjunction with the sale of shoes is an infringement of Nike's registered trademarks and in violation of 15 U.S.C. § 1114.

21.     Upon information and belief, Quarcoo committed the alleged acts intentionally, fraudulently, maliciously, willfully, wantonly, and oppressively with the intent to injure Nike and its business.

COUNT II
False Designation of Origin and False Description

22.     Nike incorporates by reference the allegations set forth in paragraphs 1 through 11 and 13 through 21.

23.     The Nike Trademarks have acquired a secondary and distinctive meaning such that the public has come to identify the trademarked properties listed on Exhibit "A" with Nike.

24.     The unauthorized manufacture of shoes and related merchandise that has been distributed and sold by Quarcoo exactly duplicates and appropriates the likeness of the Nike Trademarks, the effect of which is to delude and confuse the public into believing that the shoes have been authorized or sponsored by Nike.

25.     The sale of Counterfeit Products will dilute the goodwill and reputation of Nike.

26.     The sale of Counterfeit Products, which are of an inferior quality to the authorized and authentic product, will further dilute the goodwill and reputation of Nike.

7

27.     Quarcoo, by misappropriating and using the likeness of the Nike Trademarks and licensed trademarks in connection with the sale of Counterfeit Products, is misrepresenting and will continue to misrepresent and falsely describe to the general public the origin and sponsorship of his products. Quarcoo has caused such products to enter into interstate commerce with full knowledge of the falsity of the designation of their origin, description, and representation in an effort to mislead the purchasing public into believing that his products are authorized or emanate from Nike.

28.     These acts constitute a violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

29.     The continued use of the likenesses of the Nike Trademarks and licensed trademarks by Quarcoo has caused, and unless restrained will continue to cause, serious irreparable injury and harm to Nike as Nike has no adequate remedy at law.

30.     Quarcoo has obtained gains, profits, and advantages as a result of his unlawful acts.

31.     Nike has suffered monetary damages as a result of Quarcoo's acts.

COUNT III
Unfair Competition under Florida's Common Law

32.     Nike incorporates by reference the allegations set forth in paragraphs 1 through 11, 13 through 21, and 23 through 31.

33.     Nike has spent significant sums of money advertising and marketing products and services featuring its trademarked properties, creating a consumer

8

demand for such products and services throughout the United States. Consequently, these products and services have become widely known and accepted.

34.    Quarcoo is using the Nike Trademarks in conjunction with the advertising, marketing, and offering for sale of the Counterfeit Product, thereby passing it off as goods authorized or distributed by Nike.

35.    Quarcoo knowingly and willfully appropriated Nike's trademarked properties in an effort to create the impression that Nike sanctioned his Counterfeit Product in order to misappropriate all of the goodwill associated with Nike's trademarked properties.

36.    Quarcoo's acts constitute unfair competition and, unless enjoined by this Court, will result in the destruction or dilution of the goodwill of Nike's valuable property rights to the unjust enrichment of Quarcoo.

37.    The goods advertised, marketed, and offered for sale by Quarcoo in conjunction with Nike's trademarked properties are calculated and likely to deceive and mislead the purchasers who buy them in the belief that they originate with or are authorized by Nike.

38.    Quarcoo's continued passing off of such Counterfeit Product as if such goods originated with or were authorized by Nike has caused and, unless restrained, will continue to cause serious and irreparable injury to Nike.

39.    Nike has no adequate remedy at law and is suffering irreparable harm as a result of the actions by Quarcoo.

40.     Quarcoo committed the acts alleged in this complaint intentionally, fraudulently, maliciously, willfully, wantonly, and oppressively with the intent to injure Nike and its business.

### PRAYER FOR RELIEF

WHEREFORE Nike demands interim relief in the form of a Preliminary Injunction and, consistent with that, entry of a judgment against Quarcoo as follows:

1.     Permanent injunctive relief restraining Quarcoo, his officers, agents, servants, employees, attorneys, and all those in active concert or participation with them from:

a.     further infringing each of the Nike Trademarks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying, or otherwise disposing of any products not authorized by Nike bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of any of the Nike Trademarks ("Unauthorized Products");

b.     using any simulation, reproductions, counterfeit, copy, or colorable imitation of any of the Nike Trademarks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation, or distribution of Unauthorized Products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Nike, or to any goods sold, manufactured, sponsored, or approved by, or connected with, Nike;

c.     making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can

10

or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, or sold by Quarcoo are in any manner associated or connected with Nike, or are sold, manufactured, licensed, sponsored, approved, or authorized by Nike;

        d.      engaging in any other activity constituting unfair competition with Nike, or constituting an infringement of any of the Nike Trademarks or of Nike's rights in, or to use or to exploit, the Nike Trademarks, or constituting any dilution of Nike's name, reputation, or goodwill;

        e.      effecting assignments or transfers, forming new entities or associations or using any other device for the purpose of circumventing or otherwise avoiding the prohibits set forth in subparagraphs a–d; and

        f.      secreting, destroying, altering, removing, or otherwise dealing with the Counterfeit Products or any books or records that may contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, or displaying of all unauthorized products which infringe any of the Nike Trademarks.

        2.      Directing that Quarcoo deliver for destruction all Unauthorized Products including shoes and any other merchandise, labels, signs, prints, packages, dyes, wrappers, receptacles, silk screens, heat transfers, embroidery templates, software, and advertisements relating thereto in his possession or under his control bearing any of the Nike Trademarks or any simulation, reproduction, counterfeit,

copy, or colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices, software, and other means of making the same.

3.      Directing that Quarcoo delete any and all digital files used to reproduce the Nike Trademarks from any and all computers, CDs, DVDs, hard drives, floppy disks, or other form of digital file storage that is in Quarcoo's possession or control.

4.      Directing that Quarcoo remove all Web sites bearing any of the Nike Trademarks or advertising the Unauthorized Products from any and all computers, CDs, DVDs, hard drives, floppy disks, or other form of digital storage format which is in Quarcoo's possession or control.

5.      Directing that Quarcoo report to this Court within 30 days after a Permanent Injunction is entered to show his compliance with paragraphs 2–4 above.

6.      Directing such other relief as the Court may deem appropriate to prevent the trade and public from gaining the erroneous impression that any products manufactured, sold, or otherwise circulated or promoted by Quarcoo are authorized by Nike or related in any way to Nike's products.

7.      That Nike be awarded three times Quarcoo's profits after an accounting pursuant to 15 U.S.C. § 1114 and § 1117 or, at the election of Nike, statutory damages as provided by § 1117(c) of between $500.00 and $100,000.00 per trademark per type of good sold that is counterfeited by Quarcoo or, should this Court find that Quarcoo willfully used a counterfeit mark, statutory damages of not more than $1,000,000.00 per trademark per type of good sold.

8.      That Nike be awarded its reasonable attorneys' fees and investigative fees pursuant to 15 U.S.C. § 1117.

9.      That Nike be awarded their costs in bringing this action.

10.      That Nike have such other and further relief that this Court deems just.

Dated this 2nd day October 2008.

Respectfully submitted,

Michael W. O. Holihan
Florida Bar No.: 0782165
Holihan Law
1101 North Lake Destiny Road
Suite 275
Maitland, Florida 32751
Telephone: 407-660-8575
Fax: 407-660-0510
Email: michael.holihan@holihanlaw.com
Attorney for Plaintiff

# EXHIBIT "A"

## Nike Registered Marks
### Class 25

| Mark | Registration Number | Registration Date |
| --- | --- | --- |
| Air-Sole | 1,145,812 | January 13, 1981 |
| Swoosh | 1,200,529 | July 2, 1982 |
| Nike | 1,214,930 | November 2, 1982 |
| Nike Air Composite Mark | 1,284,386 | July 3, 1984 |
| Nike Air | 1,307,123 | November 27, 1984 |
| Swoosh Design | 1,323,342 | March 5, 1985 |
| Swoosh Design | 1,323,343 | March 5, 1985 |
| Nike Composite Design | 1,325,938 | March 19, 1985 |
| Air Jordan | 1,370,283 | November 12, 1985 |
| Air Max | 1,508,348 | October 11, 1988 |
| Air Trainer | 1,508,360 | October 11, 1988 |
| Jumpman Design | 1,558,100 | September 26, 1989 |
| Air Skylon | 1,665,479 | November 19, 1991 |
| Air Solo Flight | 1,668,950 | December 17, 1991 |
| Air Craft | 1,678,108 | March 3, 1992 |
| Air Flight | 1,686,515 | May 12, 1992 |
| Air Bohemian | 1,693,192 | June 9, 1992 |
| Air Icarus | 1,693,193 | June 9, 1992 |
| Air Deschutz | 1,735,721 | November 24, 1992 |
| Jumpman Design | 1,742,019 | December 22, 1992 |
| Air Trainer Max | 1,789,463 | August 24, 1993 |
| Just Do It | 1,875,307 | January 24, 1995 |
| RunWalk Design | 1,877,672 | February 7, 1995 |
| Starter | 1,896,998 | May 30, 1995 |
| Nike Golf | 1,944,436 | December 26, 1995 |
| Nike Regrind | 2,022,321 | December 10, 1996 |
| AirMax Design | 2,030,750 | January 14, 1997 |
| Air Uptempo Design | 2,032,582 | January 21, 1997 |
| Nike Regrind Design | 1,863,758 | March 11, 1997 |
| Swoosh Air Design | 2,068,075 | June 3, 1997 |
| Nike Composite Design | 2,104,329 | October 7, 1997 |
| ACG Nike | 2,117,273 | December 2, 1997 |
| ACG | 2,164,358 | June 9, 1998 |
| Nike Alpha Project Design | 2,517,735 | December 11, 2001 |
| Five Dot Design | 2,521,178 | December 18, 2001 |
| Storm-Fit | 2,551,655 | March 26, 2002 |
| Baseball Silhouette Design | 2,571,726 | May 21, 2002 |
| Shox Design | 2,584,382 | June 25, 2002 |
| Nike Golf Design | 2,628,587 | October 1, 2002 |
| Waffle Racer | 2,652,318 | November 19, 2002 |
| Phylite | 2,657,832 | December 10, 2002 |
| Trunner | 2,663,568 | December 17, 2002 |

Exhibit A

Nike Registered Marks
*Class 25*

| | | |
|---|---|---|
| Dri-Star | 2,691,476 | February 25, 2003 |
| Presto | 2,716,140 | May 13, 2003 |
| Boing | 2,735,172 | July 8, 2003 |
| Nike Golf Design | 2,753,357 | August 19, 2003 |
| Footent | 2,798,233 | December 23, 2003 |
| Footent Design | 2,798,234 | December 23, 2003 |
| Triax | 2,810,679 | February 3, 2004 |
| R9 | 2,843,275 | May 18, 2004 |
| Therma-Star | 2,960,844 | June 7, 2005 |
| Nike Shox | 2,970,902 | July 19, 2005 |
| Basketball Silhouette Design | 2,977,850 | July 26, 2005 |
| Star Flex | 3,002,455 | September 27, 2005 |
| 10//2 Design | 3,057,889 | February 7, 2006 |

Exhibit A

# EXHIBIT "B"



# EXHIBIT "B-1"



JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Nike, Inc. | Adentunji Thomas-Quarcoo a/k/a Olubunmi Thomas-Quarcoo d/b/a www.MyJordansfly.com and www.Authenticshoescheap.com |

**(b)** County of Residence of First Listed Plaintiff  **Washington**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Michael W.O.Holihan, Holihan Law, 1101 North Lake Destiney Road, Suite 275, Maitland, Florida 32751; Tel: 407-660-8575

Attorneys (If Known)

FILED by _____ D.C.
OCT 03 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. - MIAMI

**(d)** Check County Where Action Arose: ✓MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
✓ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

*Dade 08 CV 22786 - King / Bandstra*

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

✓ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions second page):

a) Re-filed Case ☐ YES ✓ NO    b) Related Cases ☐ YES ✓NO

JUDGE _____    DOCKET NUMBER _____

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

Cause of action for trademark pursuant to the The Federal Trademark Act, 15 U.S.C., Section 1501 et seq.

LENGTH OF TRIAL via _1_ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ✓ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD    Michael W.O. Holihan

DATE   October 2, 2008

FOR OFFICE USE ONLY

AMOUNT $350.00   RECEIPT # 988418 IFP

10/06/08